# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RANDY SANCHEZ,** | ) | CASE NO. 7:18CV00476 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **SGT. TAYLOR,** | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendant.** | ) | |

Randy Sanchez, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against an official at Red Onion State Prison ("Red Onion"), Sgt. Taylor. Sanchez alleges that Taylor gave an inappropriate written response to Sanchez's Informal Complaint form in August of 2018. Upon review of the record, the court finds that the action must be summarily dismissed for failure to state a claim.

Sanchez alleges that in July of 2018, after being provoked by Timothy Grimes, Sanchez hit Grimes, who then beat up Sanchez. Unidentified officers removed Grimes from the pod and then, in the presence of other inmates, questioned Sanchez about the altercation. Thereafter, Sanchez filed an Informal Complaint, stating that the officers' questioning had placed him in danger from friends of Grimes, who might think that Sanchez was a snitch. Sgt. Taylor responded in writing and stated that the officers had questioned Sanchez to determine the cause of the fight.

On August 26, 2018, Sanchez followed up his Informal Complaint by filing a Grievance, making the same complaint about the officers' questioning. The Grievance also blamed Sgt. Taylor for his failure to "fix" the situation by taking action to protect Sanchez. Compl. 5, ECF No. 1. On August 30, 2018, investigators escorted Sanchez to an office and asked him if he

"feared" for his life in the general population at Red Onion. Id. at 9. He said that he did. He was then moved to a segregation cell, where he has no access to the "kiosk," has limited telephone calls, and cannot possess certain personal property items, including food items that he previously ordered from the commissary. Id. at 11.

Sanchez also complains about a disciplinary infraction he received. In July of 2018, he threw water on an officer. He was charged with simple assault of a nonoffender and fined $5.00. He contends that a different charge was more appropriate for his conduct.

Sanchez filed his § 1983 Complaint in late September of 2018 against defendant Sgt. Taylor, raising the summarized allegations. As relief, he seeks monetary damages.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, Sanchez's mere dissatisfaction with Taylor's response to an administrative remedy form under the prison's established grievance procedure does not state any constitutionally significant claim and is not actionable under § 1983. Accordingly, Sanchez's claim concerning Taylor's Informal Complaint response will be dismissed under § 1915A(b)(1) for failure to state a claim.

Sanchez's many other allegations also fail to state any § 1983 claim against Taylor. To hold an officer liable under § 1983, the plaintiff must state facts that affirmatively show how the

officer acted personally to deprive him of constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Sanchez simply does not allege that Taylor had any personal involvement in questioning him in front of other inmates, in questioning him about his fears for his safety in the general population, in placing him in a segregation cell, or in deciding what disciplinary charge to bring against him for throwing water on an officer. Accordingly, Sanchez's complaint fails to state any claim against Taylor under § 1983. On that basis, the court will summarily dismiss the action without prejudice.

An appropriate order will issue this day. Under such a dismissal order, Sanchez remains free to refile his claims in a new and separate civil rights action.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER: This 27th day of November, 2018.

_____
Senior United States District Judge